UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MADELYN TAMAREZ; PAMELA BUCHBINDER,<br><br>                                  Plaintiffs,<br><br>-against-<br><br>KATHLEEN HOCHUL, Governor of New York, *et al.*,<br><br>                                  Defendants. | 21-CV-10678 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Madelyn Tamarez and Pamela Buchbinder filed this *pro se* complaint claiming that Defendants violated their constitutional rights by transferring them from Rikers Island to Bedford Hills Correctional Facility. (ECF 1.) Plaintiffs submitted a letter seeking permission to proceed in this matter under the pseudonym "Jane Doe" because they "are in the midst of defending [their] criminal cases and there is a public political controversy about Rikers/Bedford." (ECF 2.) Both Plaintiffs signed the complaint, but they did not submit applications for leave to proceed *in forma pauperis* (IFP) or prisoner authorizations. For the reasons set forth below, the claims of Tamarez and Buchbinder are severed under Fed. R. Civ. P. 21 and their requests to proceed anonymously are denied.

                                                  **DISCUSSION**

**A.        Order Severing Claims**

Generally, Rule 20 of the Federal Rules of Civil Procedure allows multiple plaintiffs to join in one action if (1) they assert any right to relief arising out of the same occurrence or series of occurrences, and (2) if any question of law or fact in common to all plaintiffs will arise in the action. *See, e.g.*, *Kalie v. Bank of Am. Corp.*, ECF No. 12-CV-9192 (PAE), 2013 WL 4044951, at

*3 (S.D.N.Y. Aug. 9, 2013) (Courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'" (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979))).

Courts have the authority to deny joinder, or to order severance under Rule 21 of the Federal Rules of Civil Procedure, even without a finding that joinder is improper, if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay." Wright & Miller, Fed. Prac. & Proc. § 1652 (3d ed.) (citations omitted); *see Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (Fed. R. Civ. P. 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"); *Ghaly v. U.S. Dep't of Agric.*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002) (noting that "district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met") (citation omitted).

In determining whether to deny joinder or order severance of parties, courts consider the requirements of Rule 20 and additional factors, "including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (considering motion to sever under Fed. R. Civ. P. 20 and 21); *see also Laureano v. Goord*, ECF No. 06-CV-7845 (SHS) (RLE), 2007 WL 2826649, at *8 (SD.N.Y. Aug. 31, 2007) (When considering severance, "courts should be guided by 'considerations of convenience, avoidance of prejudice to the parties, and efficiency'" (quoting *Hecht v. City of New York*, 217 F.R.D. 148, 150 (S.D.N.Y. 2003)). Tamarez's and Buchbinder's

claims are similar in nature. Each Plaintiff claims that being transferred from Rikers to Bedford Hills is hindering her ability to participate in her defense.

The Court finds that, even if Tamarez and Buchbinder were properly joined in this action, the practical realities of managing this prisoner litigation where the two plaintiffs are incarcerated militate against adjudicating their claims in one action for three reasons. First, as *pro se* litigants, Tamarez and Buchbinder may appear only on their own behalf; one may not appear as an attorney for the other. *See United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause'") (citations omitted); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause").

Second, because Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion, or other paper be signed personally by every party who is unrepresented, during the course of this action, each plaintiff would be required to sign any motion or notice filed. The transitory nature of pretrial detention, where prisoners are released or transferred at any time, as well as the security restrictions imposed on prisoners communicating with each other could result in Tamarez and Buchbinder being unable to communicate face-to-face or by mail. At best, Tamarez and Buchbinder would have only a very limited opportunity to discuss case strategy, share discovery, or even provide each other with copies of the motions and notices that they file with the Court.

Third, joinder of these two prisoners would likely result in piecemeal submissions, delays, and missed deadlines. *See Perkins v. City of New York*, ECF No. 14-CV-3779 (WHP), 2014 WL 5369428, at *1 (S.D.N.Y. Oct. 20, 2014) (finding that multi-prisoner case should be

severed under Fed. R. Civ. P. 21 into individual actions based on unwieldy complaint, security considerations, and plaintiffs' likely inability to jointly litigate the case because they were housed in different facilities or given limited opportunities to associate).

Based on these logistical issues, the Court concludes that allowing this case to proceed as a two-plaintiff case would not be fair to Tamarez and Buchbinder and would not achieve judicial economy. Allowing each plaintiff to proceed separately, on the other hand, would facilitate the fair and efficient disposition of the litigation.

The Court will therefore sever this action into individual cases. Madelyn Tamarez will proceed as the sole plaintiff in this action, and Pamela Buchbinder will be assigned a new case number. A copy of the complaint and the letter seeking to proceed as a Jane Doe (ECF 1, 2) and this order will be docketed in the new case. The cases will proceed as separate actions from this point on, and Madelyn and Buchbinder will not be regarded as co-plaintiffs, except upon further order of the Court.[1]

**B.       Leave to proceed as a Jane Doe**

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a] complaint must name all the parties." "This requirement . . . serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). Courts have, however, permitted parties to proceed anonymously in a limited number of exceptions. In deciding

---

[1] The severance of Tamarez's and Buchbinder's claims into individual cases does not mean that their claims cannot be considered or tried together. If appropriate, the Court can deem the cases related or can consolidate them. *See Hagan v. Rogers*, 570 F.3d 146, 162 n.11 (3d Cir. 2009).

whether to permit a party to proceed anonymously, the United States Court of Appeals for the Second Circuit has articulated a nonexhaustive list of ten factors that courts should consider:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (alterations, ellipses, quotation marks, and citations omitted). "[T]his factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests . . . ." *Id.* (citation omitted).

Plaintiffs assert that they "are in the midst of defending [their] criminal cases and there is a public political controversy about Rikers/Bedford." (ECF 2.) These assertions do not demonstrate that their claims are sensitive and personal in nature or that a substantial privacy right is at issue outweighing the customary presumption of openness in judicial proceedings. Accordingly, the Court denies Plaintiffs' request to proceed as Jane Does. If either Plaintiff does not wish to proceed in this matter under her real name, she may submit a letter asking the Court to voluntarily dismiss her case without prejudice under Federal Rule of Civil Procedure 41(a).

C. **Leave to proceed IFP**

To proceed with a civil action in this Court, a prisoner must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[2] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff Tamarez did not submit an IFP application or prisoner authorization. Within thirty days of the date of this order, Tamarez must either pay the $402.00 in fees or submit the attached IFP application and prisoner authorization. If Plaintiff Tamarez submits the IFP application and prisoner authorization, it should be labeled with docket number 21-CV-10678 (LTS).[3] After the new case is opened, the Court will issue an order directing Plaintiff Buchbinder to submit an IFP application and prisoner authorization in her case.

---

[2] The $52.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[3] Plaintiffs are cautioned that, if a prisoner files a federal civil action or appeal that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions IFP as a prisoner, unless she is under imminent danger of serious physical injury, and she must pay the filing fees at the time of filing any new action.

## CONCLUSION

The Court severs the claims of Madelyn Tamarez and Pamela Buchbinder under Fed. R. Civ. P. 21. Madelyn Tamarez will proceed as the sole plaintiff in this action, and she is directed to sign and return the attached IFP application and prisoner authorization under this docket number, 21-CV-10152 (LTS). No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Clerk of Court is directed to open a separate civil action with a new docket number for Plaintiff Pamela Buchbinder, and docket in that case a copy of the complaint and the letter seeking to proceed as a Jane Doe (ECF 1, 2) and this order. Once that case is opened, the Court will issue an order directing Plaintiff Buchbinder to sign and return an IFP application and prisoner authorization.

The Court denies the application from both Plaintiffs to proceed as Jane Does. Should either Plaintiff choose not to proceed under her real name, she may move for voluntary dismissal of the action, under Federal Rule of Civil Procedure 41(a), within 30 days from the date of this order.

The Clerk of Court is directed to mail a copy of this order to Madelyn Tamarez and Pamela Buchbinder and note service on the docket.

SO ORDERED.

Dated:   January 3, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
(full name of the plaintiff or petitioner applying (each person must submit a separate application))

-against-

_____ CV _____ ( ) ( )
(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

_____
(full name(s) of the defendant(s)/respondent(s))

## APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings and I believe that I am entitled to the relief requested in this action. In support of this application to proceed *in forma pauperis* (IFP) (without prepaying fees or costs), I declare that the responses below are true:

1. *Are you incarcerated?*  ☐ Yes   ☐ No   (If "No," go to Question 2.)
   I am being held at: _____

   Do you receive any payment from this institution?  ☐ Yes   ☐ No
   Monthly amount: _____

   If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization" directing the facility where I am incarcerated to deduct the filing fee from my account in installments and to send to the Court certified copies of my account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2. Are you presently employed?   ☐ Yes   ☐ No
   If "yes," my employer's name and address are:

   Gross monthly pay or wages: _____

   If "no," what was your last date of employment? _____

   Gross monthly wages at the time: _____

3. In addition to your income stated above (which you should not repeat here), have you or anyone else living at the same residence as you received more than $200 in the past 12 months from any of the following sources? Check all that apply.

   (a) Business, profession, or other self-employment    ☐ Yes   ☐ No
   (b) Rent payments, interest, or dividends             ☐ Yes   ☐ No

(c) Pension, annuity, or life insurance payments ☐ Yes ☐ No
(d) Disability or worker's compensation payments ☐ Yes ☐ No
(e) Gifts or inheritances ☐ Yes ☐ No
(f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.) ☐ Yes ☐ No
(g) Any other sources ☐ Yes ☐ No

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

If you answered "No" to all of the questions above, explain how you are paying your expenses:

4. How much money do you have in cash or in a checking, savings, or inmate account?

5. Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

6. Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

7. List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

8. Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

*Declaration:* I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

_____   _____
Dated                              Signature

_____   _____
Name (Last, First, MI)             Prison Identification # (if incarcerated)

_____
Address              City              State         Zip Code

_____   _____
Telephone Number                   E-mail Address (if available)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
(full name of the plaintiff/petitioner)

-against-

_____
(full name(s) of the defendant(s)/respondent(s))

CV _____ ( ) ( )
(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

## PRISONER AUTHORIZATION

By signing below, I acknowledge that:

(1) because I filed this action as a prisoner,[1] I am required by statute (28 U.S.C. § 1915) to pay the full filing fees for this case, even if I am granted the right to proceed *in forma pauperis* (IFP), that is, without prepayment of fees;

(2) the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it.

I authorize the agency holding me in custody to:

(1) send a certified copy of my prison trust fund account statement for the past six months (from my current institution or any institution in which I was incarcerated during the past six months);

(2) calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from my prison trust fund, and disburse those amounts to the Court.

This authorization applies to any agency into whose custody I may be transferred and to any other district court to which my case may be transferred.

_____          _____
Date                                 Signature

_____          _____
Name (Last, First, MI)               Prison Identification #

_____          _____
Address          City                State     Zip Code

_____

[1] A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

SDNY Rev. 10/26/16